UNITED STATES of America,
Plaintiff–Appellee,

v.

Amber Ming DING, aka April Ding,
Defendant–Appellant.

No. 05–50670.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 23, 2006.

Submission Deferred Oct. 25, 2006.

Resubmitted May 2, 2008.

Filed May 6, 2008.

Eileen M. Decker, Michael J. Raphael, Los Angeles, CA, Office of the U.S. Attorney, for Plaintiff–Appellee.

David R. Denis, Los Angeles, CA, for Defendant–Appellant.

Before: TASHIMA, BEA, and IKUTA, Circuit Judges.

## MEMORANDUM *

■ A defendant may withdraw a guilty plea only if she "can show a fair and just reason for requesting the withdrawal." Fed.R.Crim.P. 11(d)(2)(B). The district court did not err in denying Ding's motion to withdraw her guilty plea because Ding did not show such a reason. Taking the record as a whole, the district court did not err in concluding that Ding's counsel was apprised of all the evidence and prepared for trial and, therefore, was not

ineffective. Further, the district court did not err in concluding that Ding's guilty plea was voluntary. At her change of plea hearing, Ding responded to the district court's questions in a manner that indicated she understood the nature of the proceeding. She also stated that her plea was voluntary. Moreover, the plea was advantageous to Ding because she was able to limit the liability of her co-conspirators and was able to avoid pleading guilty to certain counts. Finally, Ding was aware of the decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), when she made her plea, and so the evolution of the law from *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), to *Booker* did not deprive her of the benefit of her plea.

■ Federal Rule of Criminal Procedure 32(i)(3)(B) requires that "for any disputed portion of the presentence report or other controverted matter," the district court must "rule on the dispute or determine that a ruling is unnecessary." Ding raised multiple objections to the presentence report, which the government rebutted in a written response. The district court ruled on the disputes by expressly rejecting Ding's objections and by adopting the responses of the government. *See United States v. Tam*, 240 F.3d 797, 803–04 (9th Cir.2001) (holding that the district court complied with Rule 32 by adopting findings in defendants' presentence reports). Ding did not object to the district court's resolution, nor request an evidentiary hearing. The district court's ruling did not constitute plain error because it adequately complied with Rule 32.

■ Ding argues that the district court erred by failing to make an individualized determination of the loss amount attrib-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

uted to her. The district court determined the amount of total loss resulting from Ding's fraud by calculating an average loss per victim and aggregating it over the total number of victims. This loss estimation method was reasonable for purposes of U.S. Sentencing Guidelines Manual § 2F1.1 (1998). *See United States v. Harper*, 32 F.3d 1387, 1389 (9th Cir.1994); *see also* U.S.S.G. § 2F1.1 cmt. nn. 8, *incorporating* U.S.S.G. § 2B1.1 cmt. n. 3, & 9 (1998). No evidence in the record supports Ding's claim that she returned fraudulently obtained funds to the victim-investors, so the district court's determination that Ding did not return any such funds was not clearly erroneous.

■ Ding argues that the district court violated her due process rights in determining her sentence by relying on an IRS special agent's report linking her to alleged victims of her fraudulent activities. Due process requires that "some minimal indicia of reliability" accompany the facts relied upon by a district court in sentencing a defendant. *United States v. Petty*, 982 F.2d 1365, 1369 (9th Cir.1993). Here, the IRS's report calculated the number of Ding's victims by counting the L–1 visa applications that included an address linked to Ding or a company name associated with Ding's enterprise. The district court could reasonably rely on this methodology. *See United States v. Burns*, 894 F.2d 334, 336–37 (9th Cir.1990). Further, although Ding argued that unassociated third parties filed applications using her address, which caused the number of victims in the report to be overstated, she offered no evidence supporting this argument. Thus, the district court did not err by relying on the report in calculating the total losses resulting from Ding's fraudulent conduct.

■ Ding next argues that the district court erred when it refused to allow a witness to testify on her behalf during her sentencing. At sentencing, the court has broad discretion as to whether to permit the parties to introduce evidence. *See* Fed.R.Crim.P. 32(i)(2). Ding did not show that her witness would have helped resolve any of the factual disputes related to her sentencing and Ding's attorney was able to provide the district court with the essence of the witness's testimony. Thus, the district court did not err when it denied the evidentiary hearing.

■ Ding argues that the district court had to find each fact enhancing her sentence beyond a reasonable doubt. This argument is foreclosed by Ninth Circuit precedent. *See United States v. Kilby*, 443 F.3d 1135, 1140 & n. 1 (9th Cir.2006) (holding that generally "district courts should resolve factual disputes at sentencing by applying the preponderance of the evidence standard" although "where a sentencing factor would have an extremely disproportionate effect on the sentence, the government may have to satisfy a clear and convincing standard of proof"). Here, the district court correctly applied a preponderance of the evidence standard because the facts that enhanced Ding's sentence did not have an extremely disproportionate effect on her sentence.

■ Ding claims that there were five errors in the sentencing calculation. First, Ding contends that the district court incorrectly calculated the total loss. The district court estimated victim losses as between $2.5 to $5 million based on the testimony of a government agent. Estimates of loss are permissible under U.S.S.G. § 2F1.1 cmt. n. 9 (1998). The district court did not err when it determined that losses of at least $2.5 million were proven by a preponderance of the evidence.

■ Second, Ding claims that the district court erred in finding Ding's scheme sophisticated under U.S.S.G. § 2F1.1(b)(5)(C) (1998). We disagree. The record adequately establishes that Ding used sophisticated means, namely, her schemes involved the creation of false bank records, false contracts, hundreds of immigration records, and multiple bank accounts. *See* U.S.S.G. § 2F1.1 cmt. n. 15 (1998).

■ Third, Ding claims the district court erred when it determined that Ding had a leadership role in a conspiracy and thus enhanced Ding's sentence under U.S.S.G. § 3B1.1 (1998). We reject this argument. Ding was the Chief Executive Officer of her fraudulent company and the district court correctly counted all the individuals involved in the scheme as participants, not just the employees of the company at the time of the criminal activities.

■ Fourth, Ding claims that the district court erred in enhancing her sentence based on funds transferred between her companies in connection with her fraudulent conduct. She argues that the movement of funds was incidental to her fraudulent conduct, *see United States v. Threadgill,* 172 F.3d 357, 376–78 (5th Cir. 1999), and that the district court overstated the losses. We disagree. The Commentary to U.S.S.G. § 2S1.1 states that in determining the appropriate enhancement, a court should consider financial transactions which are "intended to facilitate [criminal] activity, or conceal the nature of the proceeds or avoid a transaction reporting requirement." U.S.S.G. § 2S1.1 cmt. background (1998). The district court correctly determined that the movement of funds between Ding's companies was intended to conceal proceeds or facilitate Ding's criminal activity. Thus, the district court did not err in enhancing Ding's sentence based on the funds transferred between her companies.

■ Fifth, Ding asserts that she was entitled to a two-level reduction in her sentence because she "clearly demonstrates acceptance of responsibility." U.S.S.G. § 3E1.1(a) (1998). The district court rejected this argument and we agree. Ding did not plead guilty until extensive trial preparation was completed by the government. *See* U.S.S.G. § 3E1.1 cmt. n. 1, 3 & 5 (1998). Moreover, Ding subsequently reasserted her innocence in her motion to withdraw her guilty plea. *Id.*

■ The district court did not plainly err in stating the reasons for its imposition of Ding's sentence as required by 18 U.S.C. § 3553(c). The sentencing court is not required to provide lengthy reasoning; a brief statement is ordinarily sufficient. *United States v. Carty,* 520 F.3d 984, 992–93 (9th Cir.2008) (en banc).

■ Ding's sentence of 108 months—a sentence at the low end of the Guidelines range—is reasonable. "[A] correctly calculated Guidelines sentence will normally not be found unreasonable on appeal." *Id.* at 988. There is nothing in Ding's circumstances "to compel a lower sentence than the low-end of the Guidelines range." *Id.* at 996.

Ding argues that although she was sentenced below the statutory maximums for her crimes, the district court violated the ex post facto principles incorporated into the Due Process Clause by sentencing her under *Booker,* when she pleaded guilty after *Blakely,* but before *Booker* was decided. Ding's argument is foreclosed by Ninth Circuit precedent. *See United States v. Dupas,* 417 F.3d 1064, 1067–69 (9th Cir.2005).

**AFFIRMED.**